DAVID SCOTT, plaintiff in error, *v.* PETER BLUMB *et al.*, defendants in error.

*Error to Peoria.*

Where a verdict of a jury is manifestly against the evidence, through misapprehension or otherwise, the Court should grant a new trial.

THIS suit was originally commenced by Scott against Blumb and John Blucher before a justice of the peace, and appealed to the Circuit Court of Peoria county, where it was heard before the Hon. John D. Caton and a jury, at the May term 1844. The jury returned a verdict in favor of the defendants for $24·37, an account in off-set having been filed. The defendants remitted all of said amount but six cents, the plaintiff having moved for a new trial. The motion was overruled, and the plaintiff prosecuted a writ of error in this Court.

The evidence is briefly stated by the Court.

' *J. B. Thomas*, and *H. O. Merriman*, for the plaintiff in error, contended that the verdict of the jury was not warranted by the evidence, and cited *Evans* v. *Merriweather*, 3 Scam. 492.

*O. Peters*, for the defendant in error, referred the Court to Gilman's Digest, title "*New Trial*," 537–39.

The Opinion of the Court was delivered by

TREAT, J.* This suit was commenced before a justice of the peace by Scott against Blumb and Blucher. The justice gave judgment against the defendants, for $48·34. They took an appeal to the Circuit Court, where the case was tried by a jury, and a verdict returned in favor of the defendants for $24·37. The plaintiff moved for a new trial, whereupon the defendants remitted all of the verdict except six cents. The Court denied the motion for a new trial, and rendered a judgment in favor of the defendants for six cents and the costs of the case. The plaintiff excepted to the decision of the Court, and tendered a bill of exceptions containing the whole of the testimony. He now brings the record to this Court, and assigns for error, the refusal of the Circuit Court to grant him a new trial.

The evidence may be briefly stated as follows: The plaintiff showed an indebtedness to him by the defendants of $264·44, consisting of a promissory note for $143, and an account for $121·44. The defendants exhibited an account against the plaintiff for $222·42; among the items were one hundred and nine days' work, charged at $157·31. The only proof to sustain this portion of the account, was an admission of the plaintiff before the justice, that the defendants had worked for him that number of days, for which he was not willing to allow them more than one dollar per day. The only proof to sustain the balance of the account ($65·11) was an admission of the plaintiff, that $44 of it was correct.

---

*PURPLE, J., having been of counsel in the case, took no part in its decision. WILSON, C. J. did not sit, &c.

Scott *v.* Blumb *et al.*

The plaintiff's note was credited with $53 of this same balance. The defendants produced a receipt shewing that the note was to be credited with the further sum of $28·37, for an amount paid Shepherd and not charged in this account.

The finding of the jury was manifestly against the evidence. Allowing the defendants the price charged for their work, and the credit on the note, together with the amount paid to Shepherd, the aggregate would be but $238·68, still leaving a balance due the plaintiff of $25·76. Crediting them with the whole amount of this account, and the payment to Shepherd, there would still be due the plaintiff $13·65. It is evident the jury was misled by the admission. The jury must have allowed the defendants the sum of $44, in addition to the amount credited on the note. The admission only related to $65·11 of the account, of which sum $53 was credited on the note. At most, the defendants were only entitled to the difference between these two sums. On the evidence before the jury, the plaintiff was clearly entitled to not merely a nominal, but a substantial verdict, and a new trial should have been awarded.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*